UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Drummond Company, Inc. and Drummond Ltd.,

                  Petitioners,

                      –v–

Vice Media LLC,

                  Respondent.

21-mc-859 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

This miscellaneous action arises from a subpoena directed at VICE Media in this district with respect to discovery in a civil action pending in the United States District Court for the Northern District of Alabama. Pending before the Court is the Plaintiffs' motion to compel compliance with a Rule 45 subpoena or alternatively, to transfer the motion. Dkt. No. 1. For the reasons that follow, the motion is hereby transferred to the United States District Court for the Northern District of Alabama pursuant to Federal Rule of Civil Procedure 45(f).

    **I.   Background**

This miscellaneous proceeding arises from a subpoena issued in a RICO action filed by Plaintiffs—Drummond Company, Inc. and Drummond, Ltd.—against Terrence P. Collingsworth, the law firm Conrad & Scherer LLP, and several other defendants in the United States District Court for the Northern District of Alabama. This case and its related cases involve a long set of facts spanning nearly two decades. To summarize as relevant: Collingsworth and Conrad & Scherer have filed numerous lawsuits against Drummond in the United States and Colombia alleging that Drummond supports Colombian paramilitary groups

and was involved in the 2001 murders of three union leaders who worked for Drummond in Colombia.  Dkt. No. 2 at 7.  In response, in 2011 Drummond filed a lawsuit against Collingsworth and Conrad & Scherer for defamation.  *Id.* at 16-17.  In the instant action from which this miscellaneous case arises, Drummond sued Collingsworth, Conrad & Sherer, and various other organizations and individuals, asserting RICO violations.  The RICO lawsuit alleges that the defendants "engaged in a multifaceted criminal campaign to exert pressure upon Drummond in an attempt to damage Drummond's reputation and business interests and obtain a fraudulent and extortionate financial windfall."  Dkt. No. 3-1 at 3.  Drummond alleges that the effort was carried out in large part by Collingsworth paying witnesses, including Jaime Blanco and Juan Carlos Rojas (also defendants in the present lawsuit), to provide false testimony against Drummond.  *See id.* at 7.  United States District Court Judge R. David Proctor presides over both cases.  Dkt. No. 2 at 6, 30.  Judge Proctor consolidated the defamation and RICO for discovery.  *Id.* at 18.

The proceedings in this district were commenced upon Drummond filing against non-party VICE a motion to compel compliance with a Rule 45 subpoena or, alternatively, to transfer the motion.  Dkt. No. 1.  In March 2021, VICE released a podcast titled "The Crisis," which it regards as "an investigation into a deadly fight over labor and natural resources that ultimately led to the[] deaths" of union leaders who worked at Drummond's mine in Colombia.  Dkt. No. 2 at 19.  The podcast contained snippets from interviews with Collingsworth, Blanco, and Rojas.  After the podcast was released, Drummond subpoenaed VICE.  *Id.*  Initially, the subpoena was large in scope, requesting the unedited audio of every person interviewed by VICE throughout the production of the podcast as well as communications between VICE and Collingsworth.  *Id.* at 14-15.  After conferring with VICE's counsel, though, Drummond significantly narrowed the

scope of subpoena, and in this motion to compel it only requests production of the full, unedited audio recordings of Collingsworth, Blanco, and Rojas. *Id.* at 15. VICE argues that the subpoena seeks information protected by the reporter's privilege.

## II. Discussion

Federal Rule of Civil Procedure 45 governs subpoenas. Federal Rule of Civil Procedure 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending "if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Comments to Rule 45 provide guidance on what constitutes "exceptional circumstances." The Comments provide that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Committee Comments to 2013 Amendment to Fed. R. Civ. P. 45. But "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* In such cases, transfer is only appropriate "if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* A transfer may be appropriate when the judge to whom the motion is transferred "is familiar with the issues presented by the pending motion" based on prior experience with the case, including "similar discovery requests." *N. Atl. Operating Co. v. Dunhuang Grp.*, No. 18-mc-154 (LPS), 2018 WL 3381300, at *2 (D. Del. July 11, 2018).

After considering the parties' arguments and supporting authority, the Court concludes that exceptional circumstances warrant a transfer of Drummond's motion to the Northern District of Alabama. The current matter involves complex issues that have been before Judge Proctor

through various lawsuits for over a decade.  Judge Proctor is intimately familiar with the history and complex facts of the current litigation.  In contrast, the Court's knowledge is limited to two briefs filed in connection with the current motion.  *See Drummond Co. Inc. v. Collingsworth*, No. 14-mc-80660, 2014 WL 12862208, (S.D. Fla. July 11, 2014).

The Court acknowledges that familiarity with the case alone is insufficient to constitute exceptional circumstances under Rule 45(f).  *See Cadence Pharmaceuticals, Inc. v. Multisorb Techs., Inc.*, No. 16-mc-22g, 2016 WL 4267567, at *5 (W.D.N.Y. Aug. 15, 2016) ("[T]he issuing court always is familiar with the proceeding before it and that by itself is not exceptional.").  But "what would be exceptional is if discovery is complicated and involved and is continuing in the subpoena before the compliance court." *Id.*  Discovery has been ongoing in this matter since 2016 and is consolidated with Drummond's related defamation lawsuit.  Judge Proctor has already addressed rulings related to some of the arguments made by Drummond in support of the motion before the Court.  Drummond's lawsuit before Judge Proctor is premised on the allegation that the defendants secretly bribed witnesses in Colombia to falsely accuse Drummond of various crimes.  Drummond is seeking an exclusion from VICE's reporter's privilege to uncover two allegedly relevant pieces of information: (1) "the extent and content of [the RICO defendants] and their witnesses' communications with media outlets like VICE that relate to [Drummond]," Dkt. No. 2 at 24, and (2) "the scope, extent, and purpose of the Defendants' payments to witnesses," *id.* at 26.  To overcome the privilege, Drummond must establish that the information requested in the subpoena is (1) "of likely relevance to a significant issue in the case" and (2) "not reasonably obtainable from other available sources." *Gonzales*, 194 F.3d at 35-36.

4

Judge Proctor has ruled on related discovery issues, having held a three-day evidentiary in Drummond's related defamation suit (consolidated with this one for discovery) regarding Collingsworth's payments to witnesses in South America as part of his prosecution of lawsuits against Drummond.  Dkt. No. 3-3.  Judge Proctor acknowledged the "big problem" that "Collingsworth only disclosed three such payments to the court" and granted Drummond's motion to compel answers to deposition questions based on those very facts.  *Id.* at 2-3.  The interviews at the heart of the subpoena address the same issue and include information from Collingsworth, Blanco, and Rojas about the nature of the witness payments.  Dkt. No. 2 at 19-20.  Judge Proctor is therefore best equipped to answer whether that information is of significant relevance to the case and whether the information in the interviews is obtainable elsewhere.  *See Cadence Pharms.*, 2016 WL 4267567, at *6 ([W]hat makes [a relevance objection] exceptional here is the issuing court's intimate familiarity with the . . . substantive issues of this case . . . which any other court (including this compliance Court) would have to learn.").  "Given this degree of involvement and familiarity, allowing the issuing court to resolve enforcement of the subpoena would promote judicial economy and avoid the risk of inconsistent rulings."  *N. Atl. Operating Co.*, 2018 WL 3381300, at *2; *see also Judicial Watch, Inv. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 35 (D.D.C. 2014) (finding that the issuing court was in a "far better position" than the compliance court "to evaluate the relevance of, and necessity for, the documents demanded" in the subpoena where the case had been pending for four years and involved numerous discovery disputes).

At least one court has transferred a motion to quash in this litigation to Judge Proctor over the objection of the party subject to the subpoena.  *See Drummond Co. Inc. v. Collingsworth*, No. 14-mc-80660, 2014 WL 12862208, (S.D. Fla. July 11, 2014).  The rationale

was similar to the Court's here: "Judge Proctor has already made discovery-related rulings as to some of the arguments made by [the party opposing the subpoena] in support of the motion before this Court." *Id.* at 3.

Finally, although VICE does not argue that transferring the motion would impose a burden or constitute prejudice, the Court concludes that the judicial economy and consistency considerations outweigh any potential burden that a transfer may place on VICE.

### III. Conclusion

The Court concludes that Drummond has met its burden of demonstrating that "exceptional circumstances" exist such that a transfer is warranted. Accordingly, the Clerk of the Court is directed to transfer this matter to the United States District Court for the Northern District of Alabama, Case No. 2:15-cv-506 (RDP), for consideration of Drummond's motion to compel compliance with the Rule 45 subpoena. Dkt. No. 1.

SO ORDERED.

Dated: February 14, 2022
      New York, New York

_____
ALISON J. NATHAN
United States District Judge